UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MARCUS BUSH,<br><br>    Petitioner,<br><br>    v.<br><br>BUTTE COUNTY,<br><br>    Respondents. | No.  2:16-cv-2779 KJN P<br><br><br>ORDER |

Petitioner is housed at the Butte County Jail.  Petitioner consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).  Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis is granted.  See 28 U.S.C. § 1915(a).

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Id.

A habeas corpus petition under 28 U.S.C. § 2254 is the proper vehicle for a state prisoner's challenge to the validity or length of his sentence, but challenges to a prisoner's

1

conditions of confinement must be brought through a civil rights action. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (adopting "the Supreme Court's strong suggestion that a § 1983 action is the exclusive vehicle for claims that are not within the core of habeas."). A civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).

Here, petitioner does not challenge his conviction, the execution of his sentence, or the fact of his custody or incarceration. Rather, petitioner challenges allegedly unsanitary conditions at the Butte County Jail including, but not limited to, food service and grooming. (ECF No. 1 at 7.) Such allegations do not implicate the fact or duration of petitioner's sentence and such claims "must be brought, if at all, under 42 U.S.C. § 1983." Nettles, 830 F.3d at 925 (citing Preiser, 411 U.S. at 487.) Because petitioner's claims do not sound in habeas, his petition must be summarily dismissed.

In addition, the undersigned will not construe petitioner's filing as a civil rights complaint for multiple reasons. First, it appears that petitioner attempts to bring such claims on behalf of other inmates, perhaps as a class action. Plaintiff, however, is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of other inmates or a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D. D.C. 1976). Thus, each inmate must file his own civil rights complaint.

Second, in order to pursue a civil rights complaint, petitioner must pay the court's filing fee. Even if petitioner is granted leave to proceed in forma pauperis, he will be required to pay the $350.00 filing fee in installments from his prison trust account. Thus, petitioner should decide whether he wishes to pursue a civil rights action under 42 U.S.C. § 1983, and incur the $350.00 filing fee.

1    Finally, petitioner is also pursuing a civil rights action challenging, inter alia, the allegedly unsanitary conditions at the Butte County Jail.  <u>Bush v. Butte County Sheriff's Office</u>, No. 2:16-cv-2844 AC (E.D. Cal.).  Petitioner is cautioned that he may not pursue the same allegations in two different cases.

   For all of the above reasons, the court declines to construe the petition as a civil rights complaint, but dismisses the action without prejudice.[1]

   In accordance with the above, IT IS HEREBY ORDERED that:

   1.  Petitioner's motion to proceed in forma pauperis is granted;

   2.  Petitioner's application for a writ of habeas corpus is dismissed without prejudice; and

   3.  The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated:  February 7, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bush2779.156

---

[1] Petitioner has submitted exhibits on two occasions, December 30, 2016 (212 pages), and January 26, 2017 (104 pages).  The court is not a repository for evidence.  Evidence should not be submitted to the court until this action reaches an appropriate stage in litigation for the submission of evidence, such as in response to a motion for summary judgment, at trial, or when specifically requested by the Court.  Because the exhibits were improperly submitted, and petitioner also submitted numerous exhibits in his pending civil rights action, 2:16-cv-2844 WBS AC, the undersigned will not direct the Clerk to file the instant exhibits in petitioner's civil rights action.